[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff corporation brought this action as an assignee of a written contract between a party known as Frasier Brandon, Contractors and the defendants.
The relief sought in the first count is a foreclosure of a mechanic's lien for an alleged breach of this contract. The plaintiff in the second count also has raised a claim for Quantum Meruit.
The defendant has filed a special defense claiming that the plaintiff failed to complete the contract in accordance with it's terms and that the work done was performed in an unskilled and unworkmanlike manner. The defendant also claims as a special defense that the plaintiff is precluded from recovering by virtue of not fulfilling all the requirements of the Home Improvement Act, Conn. Gen. Stats. § 20-429 and the Home Solicitations Act, Conn. Gen. Stats., § 42-135(a) and other defenses. The defendant has also filed a cross-complaint claiming that she had to expend monies to complete and correct work of the plaintiff.
The court must first address the defense of failure to comply CT Page 10326 with the Home Improvement Act. Chapter #400 of the Conn. Gen. Stats. is entitled Home Improvement Contractors. Section 20-419
contains the definitions as used in the Chapter Section 20-419(a) "Home Improvement" is defined in sub-section (A) as not including the construction of a new home. This is dispositive of the special defense claiming that this contract is governed by this Chapter of the Conn. Gen. Stats. The testimony and exhibits lead to no other conclusion than that this contract was for a "new home" and not a repairing, replacement etc. as defined in § 20-419(4). The contract calls for a larger house than that which was destroyed. A reading of the contract satisfies this court that the agreement was for a new home and does not come under the provisions of the Home Improvement Act.
The court must now consider the claims of the plaintiff that it is entitled to relief based on Quantum Meruit. Again, the court must look at the exhibits and the testimony of the parties. It is evident to the court that the defendant was justified in firing the plaintiff and hiring another party to complete the contract. The evidence that the court deemed to be credible led to this conclusion. The method of reaching and signing the contract was not proper. The home bargained for was not the same as the one delivered. Some of the interior varied from the contract. Delivery was late and not in accordance with the contract.
The court finds, that the plaintiff breached the contract and was rightfully discharged by the defendant. Since the defendant had to expend approximately the sum of money remaining under the alleged contract to complete the home, the court awards no damages to her on her cross-complaint.
The court finds that the plaintiff is not entitled to a foreclosure and the lien placed on the premises is discharged. Damages and costs are not awarded to either party.
Francis R. Quinn State Trial Referee